(17 Misc. Rep. 466.)

### METROPOLITAN TRUST CO. v. SEAVER et al.

(Supreme Court, Special Term, New York County. June, 1896.)

WILLS—CONSTRUCTION—DEATH OF ANNUITANT PUR AUTRE VIE.

Where a will provided an annuity for testator's brother during the life of the widow, and on her death created a fund, the income whereof was for the brother's use during life, with the power to bequeath the principal, and the brother died before the widow, bequeathing the fund to his children, the grant of the power to bequeath indicated the intention of testator to benefit those to whom his brother would naturally bequeath the fund, and therefore the annuity goes to the children during the widow's life, and on her death the fund passes to them by their father's bequest.

Action by the Metropolitan Trust Company, as testamentary trustee, against Harriet H. Seaver and others, to obtain a judicial construction of the will of William A. Seaver, deceased.

Thomas G. Hillhouse, for plaintiff.

G. A. Clement, for defendants.

BEACH, J. The action is brought to obtain a judicial construction of certain portions of the last will of William A. Seaver, who died in January, 1883, leaving him surviving, among others, his widow and a brother, David Seaver. The parts of the will whereunder doubtful questions now arise are in words following:

"Fourth. It is my will and I direct my executors to apply the rents, issues, profits, and proceeds of my entire estate to the use of my wife, hereinbefore named, during her natural life, excepting, however, from such issues, profits, and proceeds the sum of twelve hundred dollars per annum, which I direct my executors to apply to the use of my brother, David Seaver, during each year of the life of my wife, and no longer. Fifth. Upon the death of my wife it is my will that the said residue of my estate, including the library mentioned, shall be divided and appropriated by my executors as follows: I direct them to apply to the use of my brother, David Seaver, yearly the interest or income of the sum of fifty thousand dollars, which sum must be set apart for the object stated, by them, as hereinafter directed; and I hereby confer upon him absolute power to dispose, give, and bequeath the said principal sum of fifty thousand dollars by last will and testament in such manner as he may deem proper."

The testator's widow is still living. His brother, David Seaver, died in October, 1892, having executed the power of appointment as to the $50,000, by a will bequeathing the same to his children, Frances S. Hall and William Seaver. The death of David,

leaving the widow of testator still surviving, creates a situation not provided for in the will, thus presenting for solution a question as to what should be the action of the trustee plaintiff in regard to the annuity for David, provided for in the fourth paragraph, of $1,200 a year; and another, resulting from the exercise by David of the power of appointment, evidenced by his bequest of the $50,000 to his children.

The fate of the annuity of $1,200 will be first considered. That the pathway to an entirely satisfactory conclusion is beset with difficulties is conceded. The well-established duty of the court is to search most rigorously for testator's intention, and, when discovered, to give it effect, unless legal principles intervene to prevent. The testator did not intend that it should benefit his widow under any circumstances, because of its application to the use of his brother during her life. His intention to provide an income for his brother during life is plainly indicated by the fifth provision, which, upon his widow's death, creates a special fund, the income whereof was for his use, with a power to dispose of the principal sum. The grant of this power indicates an intention of testator to benefit those to whom his brother would naturally bequeath the fund,—his two children. An intent to provide for David was also one to assist the children. In doing for the one he did for the others. Is not beneficence to a parent equally so to the children? I am of that opinion. The cessation of any benefit to David's children produced by his death before testator's widow will thus be avoided. Should the annuity lapse, an interregnum will arise, not intended by testator, because the plaintiff trustee has no power to set apart the fund of $50,000 until the widow's demise, and certainly none to diminish her income by so doing. It is for these reasons a course is taken to reach the like conclusion, differing from the one suggested by the learned jurist, who was for many years an eminent member of this court. It may be added that the conclusion reached affects in no degree the right of any recipient of the testator's bounty.

In regard to the fund of $50,000, there can be no doubt that David rightfully exercised the power of disposition given him by testator. His death, leaving the widow still surviving, affects only the time of enjoyment. The plaintiff trustee is not authorized to make payment under David's will until after the widow's death; otherwise her income would be decreased, in violation of testator's expressed intention. Those authorities cited by defendant's counsel to support the contention that a lawful exercise of the power of appointment may rightfully curtail other benefactions are not applicable here, in my opinion, for the reason that the fund upon which an exercise of the power acts can have no existence as such until the widow's death. At that time it should be set apart by the trustee and paid to the legatees named by David. Meanwhile the trustee should pay the $1,200 annually to David's children.

Decreed accordingly.